UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INVENTVEST LLC,<br><br>Plaintiff,<br><br>-v-<br><br>ASB GLASSFLOOR AMERICA, INC. and ASB SYSTEMBAU HORST BABINSKY GMBH,<br><br>Defendants. | 25 Civ. 2769 (JPC)<br><br>OPINION AND ORDER |

JOHN P. CRONAN, United States District Judge:

Defendants ASB GlassFloor America, Inc. and ASB Systembau Horst Babinsky GmbH sought to swiftly resolve this patent-infringement suit against them by moving for early summary judgment, hoping to invalidate Plaintiff Inventvest LLC's patent. But in doing so, they skipped over a crucial step in patent litigation: constructing the patent's claims. Without claim construction, the Court cannot determine whether there are any genuine disputes of fact as to the patent's invalidity. The Court thus denies Defendants' summary judgment motion without prejudice as premature.

## I. Background

### A. Facts[1]

Plaintiff is the current owner of U.S. Patent Number 7,918,579 (the "'579 Patent"). Milatz Decl. ¶ 9; *see* Raskin Decl., Exh. 1 ("'579 Patent"). The '579 Patent issued on April 5, 2011, and claims priority to a provisional application filed on May 9, 2006. Defts. 56.1 Stmt. ¶ 4. Titled "Lighted Flooring," *id.*, the '579 Patent makes eighteen claims, two of which are relevant here. *See* '579 Patent at 11:9-12:32. The first, Claim One, is for "[a] floor assembly comprising: a top forming at least a portion of a floor surface and having at least one light emitting portion; at least one light source disposed below said light emitting portion and coupled with said at least one light emitting portion; and said light emitting portion comprising a light refracting portion, to direct light from the light source at multiple angles." *Id.* at 11:10-18 ("Claim One"). The second, Claim Seven, is for "[a] floor assembly as set forth in claim [one] wherein said light source comprises a monitor." *Id.* at 11:29-30 ("Claim Seven").

Defendants develop underlit floors, including for volleyball courts and basketball courts. Defts. 56.1 Stmt. ¶¶ 7-14. Defendants' underlit floors "can display graphic content such as team logos." *Id.* ¶ 14. Their floors are marketed under the names "LumiFlex" and "MultiSports." *Id.*

[1] The facts throughout this Opinion and Order are drawn from Defendants' statement of undisputed material facts under Local Civil Rule 56.1(a), Dkt. 34 ("Defts. 56.1 Stmt."), Plaintiff's counterstatement under Local Civil Rule 56.1(b), Dkt. 41 ("Pl. 56.1 Counter Stmt."), and the exhibits filed by the parties. Unless otherwise noted, the Court cites only to Defendants' statement of undisputed material facts when Plaintiff does not dispute the fact, has not offered admissible evidence to refute it, adds its own "spin" on the fact, or otherwise disputes the inferences drawn from it. Among the exhibits filed by the parties were the Declaration of Joshua L. Raskin, Dkt. 33 ("Raskin Decl."); the Declaration of Michael R. Krames, Ph.D, Dkt. 35 ("Krames Decl."); the Declaration of Christof Babinsky, Dkt. 36 ("Babinsky Decl."); the Declaration of Richard W. Hoffmann, Dkt. 40 ("Hoffman Decl."); and the Declaration of Jerry Milatz, Dkt. 42 ("Milatz Decl.").

¶ 15. Plaintiff alleges that Defendants' "LumiFlex" and "MultiSports" underlit floors infringe Claims One and Seven of the '579 Patent. *Id.* ¶ 2; *see* Dkt. 1 ("Compl.") ¶¶ 20-46.

Defendants have responded to that allegation by raising the affirmative defense of anticipation, meaning that the '579 Patent's claims are "invalid" if "anticipated" by "prior art." Dkt. 21 ("Answer") at 8 (fourth affirmative defense). For the purposes of the present summary judgment motion, two pieces of prior art matter. The first is the dance floor depicted in the 1977 film *Saturday Night Fever*. Defts. 56.1 Stmt. ¶¶ 17-18, 21-22. Some still frames of the *Saturday Night Fever* dance floor are reproduced below:







*Id.* ¶ 19. It is undisputed that the dance floor in *Saturday Night Fever* is a "floor assembly" within

the meaning of Claims One and Seven, and that the floor assembly comprises "a top forming at least a portion of a floor surface" as understood by those claims. *Id.* ¶¶ 21-24. The parties further agree that the *Saturday Night Fever* dance floor has "at least one light source disposed below" it, namely light bulbs. *Id.* ¶¶ 26-31; Pl. 56.1 Counter Stmt. ¶¶ 26-31, 48. But the parties disagree as to whether the *Saturday Night Fever* dance floor has "at least one light emitting portion," whether any light emitting portion is "coupled with" the light source (*i.e.*, the light bulbs), whether any light emitting portion comprises a "light refracting portion" which "direct[s] light from the light source at multiple angles," and whether the light source "comprises a monitor." *Compare* Defts. 56.1 Stmt. ¶¶ 23-31 (contending that the dance floor meets these criteria), *and* Krames Decl. ¶ 44 (same), *with* Pl. 56.1 Counter Stmt. ¶¶ 23-31 (contending that these criteria are unmet), *and* Milatz Decl. ¶¶ 19-37 (same).

The second piece of relevant prior art is U.S. Patent Application Publication No. 2004/0119602 to Ronald D. Blum, *et al.*, which was filed on October 10, 2003, and was published on June 24, 2004. Defts. 56.1 Stmt. ¶ 32; Raskin Decl., Exh. 4 ("Blum Design"). The Court refers to this prior art as the "Blum Design." Here are a few images of the Blum Design:



FIG. 10




FIG. 4




FIG. 5A

Defts. 56.1 Stmt. ¶ 33. Unlike the *Saturday Night Fever* dance floor, the parties dispute whether the Blum Design discloses a "floor assembly" which comprises "a top forming at least a portion of a floor surface." *Compare id.* ¶¶ 35-36 (contending that the Blum Design meets these elements), *and* Krames Decl. ¶ 45 (same), *with* Pl. 56.1 Counter Stmt. ¶¶ 35-36 (contending that these elements are unmet), *and* Milatz Decl. ¶¶ 39-42 (same). The parties do not appear to dispute that the Blum Design has a "light source disposed below" a "light emitting portion" and that the two are "coupled with" each other, nor do they dispute that the "light source comprises a monitor." Defts. 56.1 Stmt. ¶¶ 37, 39; Pl. 56.1 Counter Stmt. ¶¶ 37, 39. The parties do disagree, however, about whether the Blum Design's light emitting portion comprises a "light refracting portion" which "direct[s] light from the light source at multiple angles." *Compare* Defts. 56.1 Stmt. ¶ 38 (contending that this criterion is met), *and* Krames Decl. ¶ 45 (same), *with* Pl. 56.1 Counter Stmt.

¶ 38 (contending that this criterion is unmet), *and* Milatz Decl. ¶¶ 44-47 (same).

**B. Procedural History**

Plaintiff filed suit against Defendants for patent infringement on April 3, 2025. Dkt. 1. As mentioned, Plaintiff alleges that Defendants' "LumiFlex" and "MultiSports" floors infringe Claims One and Seven of Plaintiff's '579 Patent. Compl. ¶¶ 20-46. Defendants answered the Complaint on August 27, 2025, Dkt. 21, asserting an affirmative defense of invalidity based on anticipation, Answer at 8. Defendants also asserted two counterclaims, one seeking a declaratory judgment that the '579 Patent is invalid, the other seeking a declaratory judgment that their "LumiFlex" and "MultiSports" floors do not infringe the '579 Patent's claims. *Id.* at 9-12. Plaintiff answered Defendants' counterclaims on September 17, 2025. Dkt. 23.

On September 25, 2025, prior to the commencement of any discovery, Defendants filed a letter under Section 6.A of the undersigned's Individual Rules and Practices in Civil Cases indicating their intent to file "an early summary judgment motion" because Plaintiff's "infringement theory is self-defeating." Dkt. 26 at 3. Defendants' logic was that their "floors pre-date" the '579 Patent, so either the floors anticipated the '579 Patent and rendered it invalid, or the floors did not infringe the patent at all. *Id.* at 1, 3. After reviewing that preview of Defendants' arguments, the Court set a summary judgment briefing schedule at an October 1, 2025 initial pretrial conference. October 1, 2025 Minute Entry. After granting the parties' extension requests, Dkts. 27-30, 37-38, Defendants moved for summary judgment on October 24, 2025. Dkts. 31, 32 ("Motion"); Raskin Decl.; Defts. 56.1 Stmt.; Krames Decl.; Babinsky Decl. On November 19, 2025, Plaintiff filed its papers in opposition to the motion. Dkt. 39 ("Opposition"); Hoffman Decl.; Pl. 56.1 Counter Stmt.; Milatz Decl. On November 26, 2025, Defendants filed a reply brief, Dkt. 43 ("Reply"), and requested oral argument on the motion, Dkt. 44.

## II. Standard of Review

The Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Mhany Mgmt., Inc. v. Cnty. of Nassau*, 819 F.3d 581, 620 (2d Cir. 2016) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "A genuine dispute exists where 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party,' while a fact is material if it 'might affect the outcome of the suit under the governing law.'" *Chen v. 2425 Broadway Chao Rest., LLC*, No. 16 Civ. 5735 (GHW), 2019 WL 1244291, at *4 (S.D.N.Y. Mar. 18, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In conducting this review, the Court must "resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party." *Mhany Mgmt.*, 819 F.3d at 620.

"The movant bears the initial burden of demonstrating 'the absence of a genuine issue of material fact,' and, if satisfied, the burden then shifts to the non-movant to present 'evidence sufficient to satisfy every element of the claim.'" *Chen*, 2019 WL 1244291, at *4 (quoting *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008)). The non-movant "may not rely on conclusory allegations or unsubstantiated speculation," and "must offer some hard evidence showing that its version of the events is not wholly fanciful." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation marks omitted). The non-movant must present more than a "scintilla of evidence" to survive summary judgment. *Anderson*, 477 U.S. at 252. "Where no rational finder of fact could find in favor of the nonmoving party because the evidence to support its case is so slight, summary judgment must be granted." *Brown v. Eli Lilly & Co.*,

654 F.3d 347, 358 (2d Cir. 2011) (internal quotation marks omitted).

**III. Discussion**

The entire basis of Defendants' summary judgment motion is that the *Saturday Night Fever* dance floor and Blum Design anticipate the '579 Patent, thus rendering it invalid. *See* Motion at 12; Reply at 1. Under the operative statutory provision,[2] an invention claimed in a patent is anticipated if "the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b) (2002). "A patent claim is invalid as anticipated if every limitation in [the] claim is found in a single prior art reference, either explicitly or inherently." *Impax Labs., Inc. v. Aventis Pharms. Inc.*, 468 F.3d 1366, 1381 (Fed. Cir. 2006).

The anticipation analysis differs depending on whether the prior art reference is the allegedly infringing invention. "When the item alleged by one party to be anticipating prior art is the exact same item that the other party contends infringes, the party seeking to prove invalidity by anticipation can establish invalidity without actually performing an element by element comparison of the claim to the prior art item in question." *Nextec Apps. v. Brookwood Cos.*, 703 F. Supp. 2d 390, 422 (S.D.N.Y. 2010). That is "[b]ecause the entire basis of the infringement claim under these circumstances is the patentee's contention that the accused product contains every limitation of the patented claim," so "if the accused infringer can prove that the accused product actually existed before the filing date of the asserted patent, the accused infringer's evidentiary burden to prove invalidity by anticipation will be satisfied . . . by the patentee's claims

[2] The parties agree that an earlier version of this provision applies based on when the '579 Patent was issued. *Compare* Motion at 12 n.2, *with* Opposition at 4 n.6.

of infringement against that product." *Id.* This analysis is summed up by an old patent-law nutshell: "a product which would literally infringe if later in time anticipates if earlier." *Upsher-Smith Labs., Inc. v. Pamlab, L.L.C.*, 412 F.3d 1319, 1322 (Fed. Cir. 2005) (internal quotation marks omitted); *accord Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889) ("That which infringes, if later, would anticipate, if earlier." (internal quotation marks omitted)).

Matters are not quite so straightforward when the prior art and the allegedly infringing invention are different items. In that case, "the legally operative comparison is between the patent claims and the item of prior art—not between the allegedly infringing product and the item of prior art." *Nextec Apps.*, 703 F. Supp. 2d at 422; *accord 01 Communique Lab., Inc. v. Citrix Sys., Inc.*, 889 F.3d 735, 742 (Fed. Cir. 2018) ("[A]n accused infringer cannot . . . establish invalidity merely by pointing to similarities between an accused product and the prior art."). "The first step of an anticipation analysis is claim construction," in which the court considers "the intrinsic evidence of record—the claims, the specification, and, if in evidence, the prosecution history." *Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000). The anticipation analysis's "second step" is to compare "the construed claim to the prior art," including whether, as discussed, the "prior art reference . . . disclose[s] each and every limitation of the claimed invention." *Id.* (citation modified). "If there is a genuine issue of material fact relevant" to that comparison, "summary judgment is not proper." *Id.*

In this summary judgment motion, Defendants take the latter route, relying not on their "LumiFlex" and "MultiSports" floors as the prior art but rather the *Saturday Night Fever* dance floor and the Blum Design. *See* Reply at 11 n.5 (acknowledging that they "elected to rely on different art in [their] Motion" rather than arguing that their own underlit floors are "anticipatory prior art" as suggested in their pre-motion letter). But Defendants stumble out of the gate: they

seek to bypass claim construction entirely. *But see Helifix*, 208 F.3d at 1346 (explaining that claim construction is "[t]he first step of an anticipation analysis"). There has been no claim construction briefing, nor has the Court held a *Markman* hearing to construe the claims. *Cf. Araujo v. E. Mishan & Sons, Inc.*, No. 19 Civ. 5785 (JPC), 2022 WL 2342111, at *1-3, *10 (S.D.N.Y. June 29, 2022) (constructing a claim's disputed terms ahead of summary judgment only after considering the parties' claim construction briefing and conducting a *Markman* hearing); *see Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 415 (S.D.N.Y. 2003) ("The express purpose of such a so-called *Markman* hearing is for the court to interpret the claims of a contested patent." (internal quotation marks omitted)). To be sure, Defendants are correct that the "determination of scope of the claims is a question of law, and a dispute respecting that legal issue does not preclude summary judgment." Reply at 11 (quoting *George v. Honda Motor Co.*, 802 F.2d 432, 434 (Fed. Cir. 1986)). But Defendants seek only to attack Plaintiff's "claim construction arguments" without affirmatively setting forth their own constructions of Claims One and Seven. *Id.* Without those constructions, the Court cannot determine whether Defendants are entitled to "judgment as a matter of law" that either the *Saturday Night Fever* dance floor or the Blum Design anticipates and thus invalidates those claims. Fed. R. Civ. P. 56(a).

To name just one example highlighting why this motion is premature, Claim Seven requires that the light source "comprise[] a *monitor*." Claim Seven (emphasis added). Defendants do not point to any "intrinsic evidence" such as "the claims, the specification, [or] the prosecution history" defining the term "monitor." *Helifix*, 208 F.3d at 1346. Instead, Defendants attack Plaintiff's construction of the term for relying on a preferred embodiment. Reply at 5-6 (discussing Opposition at 16). But even assuming for argument's sake that Defendants' attack is correct, that would simply mean that "the term 'monitor' is entitled to its full claim scope." *Id.* at 6.

Defendants, however, never offer the full scope of the term "monitor" based on intrinsic evidence. What is the "ordinary and customary meaning" of the term "monitor" in light of that intrinsic evidence? *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-14 (Fed. Cir. 2005) (internal quotation marks omitted). Defendants do not say.[3] How, for instance, is a "monitor" as contemplated in Claim Seven different from "a light emitting diode (LED)," "a cold cathode tube," or "a strobe light" as contemplated in Claims Four, Five, and Six, respectively? '579 Patent at 11:23-30. Defendants do not say either. So how can the Court possibly resolve, based on the information before it, whether there is a genuine dispute of fact as to whether the light bulbs under the *Saturday Night Fever* dance floor comprise a monitor as understood in Claim Seven? It cannot.

Under these circumstances, then, Defendants' summary judgment motion is "premature." *Cf. Carotek v. Kobayashi Ventures, LLC*, No. 08 Civ. 5706 (NRB), 2009 WL 2850760, at *7 (S.D.N.Y. Aug. 31, 2009) (explaining that the issues presented in the summary judgment "patent motions require the Court to construe the claims in the various patents at issue and make determinations of law as to their scope and validity" and holding that "[s]uch claim construction is premature" absent a "*Markman* hearing[] at which the parties could adduce evidence about the meaning of the claims through testimony as well as be fully heard"). The Court thus denies the motion "without prejudice to refiling, if necessary." *Id.* And it follows that Defendants' request for oral argument on this summary judgment motion is denied as moot, too.

[3] Defendants assert that the "*Saturday Night Fever* dance floor falls squarely within the plain meaning of the term 'monitor' because it comprises dozens of light-emitting tiles that emit light in multiple colors, are independently controlled in sets, and are used as pixels to display various shapes and patterns." Reply at 6 (citing Krames Decl. ¶ 44). But Defendants never offer a plain meaning of the term "monitor," and instead rely on their expert's say-so that the dance floor fits that undefined term. *Cf. id.* at 4, Exh. 5 (purporting to define "refraction" based on an edition of *Encyclopedia Britannica* from 1911). Expert testimony, however, cannot take priority over intrinsic evidence that has not even been properly presented to the Court yet. *See Genuine Enabling Tech. LLC v. Nintendo Co.*, 29 F.4th 1365, 1372-73 (Fed. Cir. 2022) (collecting cases).

## IV. Conclusion

For the above reasons, the Court denies Defendants' motion for summary judgment without prejudice as premature. By September 1, 2026, the parties shall file a joint letter setting forth their respective positions on how to fairly and efficiently proceed with this case. That letter should include, among other things, a proposed briefing schedule on claim construction, a discussion of whether the parties believe a *Markman* hearing is necessary, and their views on whether—and, if so, what—discovery should proceed simultaneously with claim construction, including full discovery on Plaintiff's substantive infringement claim.

The Clerk of Court is respectfully directed to close Docket Numbers 31 and 44.

SO ORDERED.

Dated: August 18, 2026
New York, New York

JOHN P. CRONAN
United States District Judge